HEIRS OF PEDRO VILLEGAS, Plaintiffs and Appellants, *v.* CENTRAL VICTORIA, INC., ET AL., Defendants and Appellees.

No. 7021. Argued January 22, 1936.—Decided January 30, 1936.

*José Soto Rivera* for appellants.   *C. Coll Cuchí, G. Silva,* and *C. Coll Cuchí, Jr.,* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

This was a suit for an injunction to restore the possession of five acres of land. The district court found that plaintiffs had failed to prove actual possession within a year preceding the commencement of the action. A judgment of dismissal included an award of costs to defendants. The present appeal is from an order approving a memorandum of costs.

The district judge who approved the memorandum of costs was not the judge who had tried the case. The memorandum contained an item of $500 for attorney's fees. The item was challenged as excessive. No evidence was introduced to show the value of the services rendered. The district judge reduced the amount to $300. His reasons for allowing this amount were stated as follows:

"As to the items of attorney's fees, the judgment of the court is clear where it ruled that costs should be imposed on the plaintiffs upon dismissal of the complaint in all its parts. It has been already held that the term costs includes the disbursements and also the attorney's fees.

"We did not try the case, but we have read the opinion delivered by Judge Sepúlveda and realize from it the work done by the attorneys in the present case. As in every injuction to recover the possession of real property, the parol evidence is copious and the work of the attorney hard.

"In view of all the circumstances in the present case, we find the sum of $300 for attorney's fees is fair and reasonable."

The only question decided by the trial judge in the statement of the case and opinion was a question of fact. There were four witnesses for plaintiffs and five for the defendants. There is nothing before us and there was nothing before the judge who allowed the item of $300 as attorney's fees to indicate that the value of the services actually rendered by counsel for defendants amounted to as much as $300. There was nothing to show that the value of the land in controversy amounted to as much as $300. From the statement of the case and opinion filed by the trial judge we take the following extract:

"As already stated, the evidence is conflicting and the court, having carefully examined and compared the whole evidence, finds that the preponderance thereof favors the defendants and, pursuant to section 162 of the Law of Evidence, resolves the conflict in their favor.

"The court especially finds that it has not been shown that the plaintiffs have been in possession of the five-acre parcel described in the fourth paragraph of the complaint during the year last preceding the filing of the complaint in the present case in May 1929, nor that the said plaintiffs have been disturbed in the possession and holding of the said parcel."

We find no satisfactory basis for the allowance of as much as $300. Assuming for the sake of argument, however, that the services rendered were reasonably worth $300, there is nothing in the record before us, nor was there anything in the statement of the case and opinion examined by the judge who approved the memorandum of costs, to indicate that plaintiffs should be required to pay the full amount of

the estimated value of such services or any very large proportion of it.

All things considered, we think that not more than $100 should have been allowed.

The order appealed from will be modified accordingly and as modified affirmed.